# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

JEREMY MCCLURG,

    Plaintiff,

v.                            Case No: 2:21-cv-381-SPC-MRM

TONYA OLIVER; OLIVER &
FOX, P.A.; BICHLER, OLIVER,
LONGO & FOX, PLLC;
JEFFREY E. APPEL; APPEL
LAW GROUP, P.A.; JOHN
DOES 1-5; JANE DOES 1-5;
ABC, P.A.; DEF, INC.; and XYZ,
LLC,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is a *sua sponte* review of the file. Jeremy McClurg brings this diversity action against several Defendants for legal malpractice arising from their representation of him in an underlying proceeding for workers' compensation benefits. There are several issues the Court must address.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

To start, the Complaint (Doc. 1) does not allege subject-matter jurisdiction. Since McClurg is proceeding in federal court, he must show the parties are completely diverse with an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). And district courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Here, McClurg has not satisfied the requirements for diversity jurisdiction under 28 U.S.C. § 1332. Specifically, he failed to properly plead the citizenship of Bichler, Oliver, Longo & Fox, PLLC. An LLC (like Bichler, Oliver, Longo & Fox) is a citizen of every state in which one of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Accordingly, each member of the LLC must be diverse from the plaintiff. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 380 (2016).

Since an LLC is a citizen of every member's state, the Complaint must identify each of the members and their citizenship. *See Rolling Greens*, 374 F.3d at 1022 (A "party must list the citizenships of all the members of the" LLC). McClurg states that the parties are diverse, yet he identifies neither the members of Bichler, Oliver, Longo & Fox, nor their domiciles. (Doc. 1 at 2). Instead, he merely states, "Said Defendant maintains its principal office and

registered corporate office at 541 South Orlando Avenue, Suite 310, Maitland, Florida 32751." (Doc. 1 at 2). Without identifying each of the law firm's members and every state where they are domiciled, the Court cannot conclude the parties are completely diverse.

McClurg also fails to allege the citizenship of the individual defendants—attorneys Tonya A. Oliver and Jeffrey E. Appel—and merely alleging that they practice law in Florida is not enough. (Doc. 1 at 3). "For purposes of diversity, citizenship means domicile; mere residence in the State is not sufficient." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted). "And domicile requires both residence in a state and an intention to remain there indefinitely." *Id.* at 1269 (cleaned up). The Complaint, therefore, fails to correctly define Oliver's and Appel's citizenship. Without identifying their domiciles, the Court cannot conclude the parties are completely diverse.

Because the Court cannot conclude it has jurisdiction, the Court dismisses the Complaint without prejudice. McClurg may file an amended complaint that adequately pleads subject-matter jurisdiction. *See* 28 U.S.C § 1653.

Second, the Complaint is a shotgun pleading. Together, Rules 8 and 10 lay out the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or

defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules sometimes create shotgun pleading problems for everyone. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). At bottom, shotgun complaints don't "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

To put it mildly, "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). They waste resources, broaden discovery, and ravage dockets. *Id.* So when staring down the barrel of a shotgun complaint, courts should order repleading. *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing district court for not policing shotgun pleadings).

The Complaint commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying" the claims against each defendant. *See Weiland*, 792 F.3d at 1323, 1324 n.17. This is particularly problematic here because McClurg brings claims against two separate law firms individually, jointly, and severally. (Doc. 1 at 14). McClurg also alleges "on information and belief" that Bichler, Oliver Longo & Fox, PLLC, has been divided into separate business entities: Oliver & Fox, P.A., and Bichler & Longo, PLLC, and states that "both entities are named" as parties. (Doc. 1 at 2). However, the Complaint names only Oliver & Fox, P.A., as a party, not

Bichler & Longo, PLLC. (Doc. 1 at 1, 4). The amended complaint should not run afoul of the prohibition against shotgun pleadings.

Finally, McClurg fails to allege the citizenship of thirteen fictitious defendants: John Does 1 through 5; Jane Does 1 through 5; ABC, P.A.; DEF, Inc.; and XYC, LLC. (Doc. 1 at 4). Regarding the fictitious defendants, the Complaint states,

> Plaintiff is unable to presently identify these additional parties who may represent additional attorneys or law firm staff or law firm entitles and therefore reserves the right to amend the complaint by substituting the actual identified of these parties upon discovery thereof, with all such amendments relating back to the original date of filing.

Doc. 1 at 4. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). There is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (citation omitted). Here, the Complaint appears to describe the fictitious defendants with such specificity, but McClurg is cautioned that he must seek leave to amend the complaint to name the fictitious defendants by the deadline to add or join parties or amend pleadings, which is October 5, 2021. (Doc. 36). After this date, the Court will dismiss the fictitious defendants. The Court takes no position on whether any amendment would relate back to the original date of filing.

Anticipating an amended complaint, the Court denies the motions to dismiss (Docs. 30, 31, 32) without prejudice, and notes that future motions must comply with the new Local Rules, effective February 1, 2021, including Local Rule 1.08(b), stating that if the parties use Times New Roman, the typeface must increase to at least 14-point for the main text, and Local Rule 3.01(g), which now requires conferrals on motions to dismiss. The Court cannot overstate the importance of Local Rule 3.01(g) in helping avoid needless litigation, fostering communication between the parties, and helping to resolve disputes without court intervention.

Accordingly, it is now **ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. Plaintiff may file an amended complaint consistent with this Order **on or before August 19, 2021**. **Failure to file a timely amended complaint will result in the case being closed without further notice.**

3. The motions to dismiss (Docs. 30, 31, 32) are **denied without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 5, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record